IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KERRIEN MULLINS, individually
and as parent, natural guardian and
next friend of J.D., a minor,

                Plaintiff,

v.                                            CIVIL ACTION NO.  3:16-9751

CABELL HUNTINGTON HOSPITAL, INC.,
CAROLYN E. CLARK, M.D., INC., and
CAROLYN E. CLARK, M.D.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

After granting Plaintiff's Counsel's Motion to Withdraw, the Court stayed the instant case for thirty days to allow Plaintiff to find new counsel or proceed pro se. *See Order*, ECF No. 24. The Court directed Plaintiff to file a statement of intent to proceed pro se or have counsel enter an appearance by June 16, 2017. *See id.* As the Plaintiff has failed to respond to the Court's Order, the issue now before the Court is whether Plaintiff has failed to prosecute her civil action. For the following reasons, the Court finds that Plaintiff has failed to prosecute this case, and the Court, therefore, **DISMISSES** the case without prejudice.

**I.    Background**

Plaintiff filed this suit against Defendant Cabell Huntington Hospital, Inc. for alleged negligence during the delivery of Plaintiff's son, J.D. *See Pl.'s Compl.*, ECF No. 1, at ¶¶ 22-36. Plaintiff also alleges that Defendant Doctor Carolyn E. Clark negligently assessed the problems

occurring during Plaintiff's labor.  *Id.* at ¶¶ 38-48.  J.D. was diagnosed with hypoxic-ischemic encephalopathy, a permanent condition that will remain for all of J.D.'s life.  *Id.* at ¶ 20.

The Court issued a scheduling order in the case, setting trial for March 19, 2019.  *See Scheduling Order*, ECF No. 17.  Shortly thereafter, Plaintiff's counsel moved to withdraw from the case, citing irreconcilable differences that prevented continued representation.  *See Mot. to Withdraw as Counsel*, ECF No. 22.  The Court directed Plaintiff to respond within two weeks as to whether she consented or objected to her counsel's withdrawal.  *See Order*, ECF No. 23.  Plaintiff failed to respond to the Court's Order, so the Court granted counsel's motion to withdraw.  *See Order*, ECF No. 24.  In that Order, the Court directed Plaintiff to file a pro se statement of intent to proceed or to have new counsel file an appearance with the Court by June 16, 2017.  *Id.*  This date has passed without response.

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  This rule solidifies the principle "that courts must have the authority to control litigation before them."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  Although the rule does not explicitly provide the power for a court to dismiss a case *sua sponte*, district courts have the inherent authority to dismiss a case for failure to prosecute without waiting for a defendant's motion.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

When considering whether to dismiss a case for failure to prosecute, the court should consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). These factors, along with the specific factual circumstances of the case, assist the court in determining whether dismissal is appropriate. *Ballard*, 882 F.2d at 95-96. If a party "has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95-96).

In the Court's last Order, the Court directed Plaintiff to file a statement of intent to proceed pro se or have an attorney file an appearance with the Court. *See Order*, ECF No. 24, at 1-2. If Plaintiff failed to take action, the Court warned Plaintiff that Defendants could move for appropriate relief. *Id.* Although the Order did not directly specify that the appropriate relief would be dismissal, the Court finds that this warning satisfactorily cautioned Plaintiff that noncompliance would result in unfavorable consequences. The Fourth Circuit's four-factor test further supports the Court's finding that Plaintiff failed to prosecute.

The first factor determines whether Plaintiff is personally responsible for the noncompliance. Dismissing a case is an inappropriate remedy if the blame falls to a party's counsel rather than to the party itself. *See Hillig*, 916 F.2d at 174. However, in this case, the Court has no other evidence to suggest that the blame falls on anyone but Plaintiff. Plaintiff's counsel had struggled to communicate with Plaintiff, ending in the motion to withdraw as counsel. The Court has issued two separate orders requiring Plaintiff to individually respond, but Plaintiff

failed to report to the Court. Without other evidence indicating that Plaintiff is blameless in the noncompliance, the Court must conclude that Plaintiff is personally responsible.

The second factor considers the prejudice to the defendant. Here, the parties progressed towards discovery until communications with Plaintiff broke down. Defendants have not suffered irreparable prejudice as the delay has not been significant. However, if Plaintiff were allowed to continue to ignore court orders, Defendants would be prejudiced during discovery and preparation for trial. Although this factor does not strongly weigh in favor of dismissal, Plaintiff's complete lack of communication with the Court and her prior counsel supports some amount of prejudice caused to Defendants.

The third factor looks to the history of noncompliance in the case. Here, the Court issued two orders directed specifically towards Plaintiff. The Court included Plaintiff's address in the orders to ensure proper delivery. The Court issued its first order on May 1, 2017 but has not received any communications, in any form, from Plaintiff. Although there is no evidence in the record that such conduct is deliberate in nature, the complete lack of response weighs against Plaintiff.

The last factor focuses on other remedies other than dismissal. The Court could issue other orders to sanction Plaintiff, but the Court does not find that these remedies would be sufficient. Monetary sanctions and discovery penalties will not force Plaintiff to respond to the Court's orders and prosecute this case in a timely fashion. The Court has given Plaintiff two chances to communicate directly to the Court, and Plaintiff chose to ignore these directives. Considering the four factors and the failure to respond directly to court orders, the Court finds that the case shall be **DISMISSED** for failure to prosecute pursuant to Rule 41(b). The Court raised

the failure to prosecute issue *sua sponte* and has no evidence that Plaintiff acted deliberately or in bad faith, so the Court dismisses the action without prejudice.

## III. Conclusion

Accordingly, the Court finds that Plaintiff has failed to prosecute the case. Pursuant to Federal Rule 41(b), the Court **DISMISSES** the action from the docket without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 20, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE